# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 10, 2009

Charles R. Fulbruge III
Clerk

No. 09-10038
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GIOVANNI TERAN,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:08-CR-118-2

Before DAVIS, SMITH and DENNIS, Circuit Judges.

PER CURIAM:[*]

Giovanni Teran was convicted by a jury of conspiracy to possess with intent to distribute methamphetamine, possession with intent to distribute methamphetamine, and maintaining a drug-involved premise. Officers found methamphetamine and precursor substances in a residence on Sidewinder Trail in Fort Worth, Texas. Teran was found outside the house.

Teran argues that the evidence was insufficient to support his convictions. He maintains that there was no evidence that he had entered an agreement with

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

anyone to violate the drug laws and that his presence at a location where drugs were being manufactured was insufficient to establish his guilt. Teran also maintains that there was no evidence that he actually or constructively possessed any methamphetamine and that the Government failed to prove that he maintained or controlled the residence.

The jury heard evidence that Teran had a key to the premises and that he had admitted to police that he stayed at the house on occasion. A neighbor recognized Teran as a recurrent visitor to the home. Officers had found a container of crystallizing methamphetamine that was steaming hot and had ascertained that the stove was still warm; Teran's keys and phone were located on a counter near the stove. Additionally, the jury heard evidence about Teran's attempts to hide from the police and to conceal any knowledge of the English language. Considering the reasonable inferences drawn from the evidence in the light most favorable to the verdict, a rational trier of fact could have found that the evidence established the elements of the offenses beyond a reasonable doubt. *See United States v. Lopez-Moreno*, 420 F.3d 420, 437-38 (5th Cir. 2005); *United States v. Morgan*, 117 F.3d 849, 855 (5th Cir. 1997); *United States v. Wright*, 24 F.3d 732, 734 (5th Cir. 1994); *United States v. Carter*, 953 F.2d 1449, 1454-56 (5th Cir. 1992). The judgment of the district court is thus AFFIRMED.